# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **DARREN T. JACKSON** | **CIVIL ACTION NO. 5:13-cv-2169** |
| **LA. DOC #440770** | |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN RICHARD SPINNER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Darren T. Jackson filed the instant petition for writ of *habeas corpus*
pursuant to 28 U.S.C. §2254 on June 28, 2013.  Petitioner is an inmate in the custody of
Louisiana's Department of Corrections. He is incarcerated at the River Correctional Center,
Ferriday, Louisiana. Petitioner attacks his 2009 conviction for possession with intent to distribute
a Schedule II Controlled Dangerous Substance and the 15 year hard labor sentence imposed
thereafter by the First Judicial District Court, Caddo Parish. This matter has been referred to the
undersigned for review, report, and recommendation in accordance with the provisions of 28
U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended
that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28
U.S.C. §2244(d).

### *Statement of the Case*

On July 6, 2009, petitioner pled guilty to Possession with Intent to Distribute a schedule
II Controlled Dangerous Substance and he was sentenced on the same day to pay a fine of
$10,000 and court costs and was further sentenced to serve fifteen years at hard labor, to run
concurrently with a previously imposed federal sentence.  [Doc. 1, ¶1-7; Doc. 6-1, pp. 79-86] He

did not appear. [*Id*., ¶8][1]

On May 7, 2010, petitioner filed a pro se application for post-conviction relief in the District Court raising claims of ineffective assistance of counsel, failure to disclose favorable evidence, and involuntary guilty plea. [Doc. 6-1, pp. 1-9] Sometime thereafter petitioner retained counsel, Shanté Y.R. Wells.  On August 2, 2010, Wells corresponded with the trial judge indicating that he would be amending the application and requesting "... additional time before ruling on his present application." [Doc. 6-1, p. 16] On September 3, 2010, Wells provided petitioner with a copy of the plea transcript and advised that the judge and prosecutor "agreed to allow the time necessary to obtain all relevant information and file same." [Doc. 6-1, p. 15] On September 17, 2010, the District Court denied relief and dismissed the application for post-conviction relief. [Doc. 6-1, pp. 13-14] Apparently neither petitioner nor his attorney sought further review of this judgment.

Instead, on May 31, 2011, Wells filed a second application for post-conviction relief on petitioner's behalf raising a single claim of ineffective assistance of trial counsel, based on counsel's failure to file a motion to suppress because the probable cause for the search was a stem that was believed to be but was not contraband marijuana.  The application acknowledged that petitioner had filed a prior application and further noted, "This Honorable Court and the District Attorney's Office were made aware by defense counsel that this forthcoming Motion

---

[1] The petitioner, of course, waived his right to appeal by pleading guilty.  Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea.  *State v. Crosby*, 338 So.2d 584 (La.1976).  Further, La. C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As shown by the transcript petitioner was sentenced in accordance with a plea agreement which is set forth in the record.

from retained counsel would be filed." [Doc. 6-1, pp. 17-27] On July 14, 2011, the District Judge denied the application as repetitive. [Doc. 6-1, p. 28]

On some unspecified date thereafter petitioner submitted a pro se writ application to the Second Circuit Court of Appeals. The application was prepared by inmate counsel and not Attorney Wells. Petitioner again argued his ineffective assistance of counsel claim in addition to claims of excessiveness of sentence and an illegal search warrant. [Doc. 6-1, pp. 30-38] On February 24, 2012, the Second Circuit denied writs noting that defendant failed to meet his burden of proof with regard to the ineffective assistance and defective search warrant claims; the Court dismissed the excessive sentence claim pursuant to Louisiana law which states that sentencing claims are not cognizable in post-conviction proceedings and dismissed the remaining claim because it was not presented to the District Judge. [*State of Louisiana v. Darren Jackson*, No. 47-271-KH, Doc. 6-1, pp. 39-40] On some unspecified date, petitioner filed a pro se motion for rehearing. [Doc. 6-1, pp. 41-44] On April 5, 2012, the Second Circuit refused to consider the motion noting, "[Uniform Rules of the Courts of Appeal] 2-18.7 does not allow consideration of an application for rehearing where the original writ application was denied. Accordingly, this application for rehearing is not considered." [Doc. 6-1, pp. 45-46]

On some unspecified date, petitioner submitted a pro se writ application to the Louisiana Supreme Court. [Doc. 6-1, pp. 47-59] On September 14, 2012, the Supreme Court denied writs without comment. *State of Louisiana ex rel. Darren Jackson v. State of Louisiana*, 2012-0953 (La. 9/14/2012), 97 So.3d 383. [Doc. 6-1, p. 60]

On May 29, 2013, petitioner filed a pro se motion to correct an illegal sentence in the District Court. On June 11, 2013, the motion was denied without comment. [Doc. 6-1, pp. 62-67]

Petitioner's pro se habeas corpus petition was signed and mailed on June 27, 2013, and received and filed on June 28, 2013.

### Law and Analysis

### 1. Limitations

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition.  *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following July 6, 2009 (the date that petitioner pled guilty and was sentenced in accordance with the plea agreement)[3] or, on or about August 6, 2009.  Petitioner had one year from that date, or until August 6, 2010, to file his federal *habeas* petition.

Petitioner was able to toll the limitations period during the pendency of his State post-conviction proceeding. He filed the pleading on May 7, 2010; however a period of nine months elapsed between August 6, 2009 (the date his judgment of conviction became final by the conclusion of the time for seeking further direct review) and May 7, 2010 (the date he filed his first post-conviction application. Giving petitioner the benefit of the doubt, it could be argued that his State post-conviction remained pending until September 14, 2012, the date the Louisiana Supreme Court denied writs terminating his post-conviction litigation. *State of Louisiana ex rel. Darren Jackson v. State of Louisiana*, 2012-0953 (La. 9/14/2012), 97 So.3d 383.   However, if that is the case, the AEDPA clock commenced running again on September 15, 2012, and thereafter another period of more than 8 months elapsed before May 29, 2013, the date petitioner

---

[3] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

filed his pro se motion to correct an illegal sentence in the District Court.  Since a period of more than one un-tolled year elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his federal *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

### 2. *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is

<u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary</u> <u>way from asserting his rights.</u>" *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Finally, the undersigned made the following observation in the amend order of August 13, 2013, "Based upon the information supplied thus far, it appears that petitioner's pending petition for habeas corpus is time-barred by the provisions of 28 U.S.C. §2244(d). Petitioner should therefore submit a memorandum to establish that his petition is not time barred, or to establish that he is entitled to equitable or statutory tolling of the period of limitations." [Doc. 5] Petitioner offered no additional facts or arguments to establish his entitlement to tolling.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, November 5, 2013.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

8